OPINION
Kenneth Adkins appeals from the trial court's order designating him a sexual predator under R.C. 2950.09(B)(1). Adkins has assigned four errors in this appeal.
Adkins was convicted of two counts of rape of a child under the age of 13 with force pursuant to his guilty pleas. He was sentenced to two concurrent life terms in 1991. His convictions were affirmed by this court. On January 24, 2000, the trial court conducted the sexual predator hearing. Prior to the hearing, Adkins requested that he be permitted to employ a psychologist to provide the court with an evaluation of whether he should be classified as a sexual predator. The trial court denied the request stating "unless there is a specified reason which would make expert testimony necessary for the Court to make a determination of status under the sexual predator law the Court is not appointing experts." (Tr. 5).
No evidence was presented at the hearing except a transcript of Adkins' guilty pleas in 1991. No pre-sentence report was prepared prior to the sentencing of Adkins. At the time of the plea Adkins admitted having engaged in two separate forcible rapes of his stepdaughters, one of whom was seven years of age at the time of the crime.
At the hearing, Adkins requested that the court subpoena the two victims so that he might demonstrate that he did not commit the offenses to which he previously entered guilty pleas. The trial court refused to grant Adkins' request. The prosecutor acknowledged that Adkins had a minimal criminal history before the rapes but noted that rehabilitation was unlikely in light of Adkins' present denial of responsibility for the offenses.
In his first assignment, Adkins contends the trial court erred in refusing to permit him to employ at State's expense a psychologist to evaluate him for the classification hearing.
In State v. Eppinger (2001), 91 Ohio St.3d 159, the Ohio Supreme Court held that an expert witness shall be provided an indigent defendant at the classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in one or more sexually oriented offenses in the future. Justice Stratton noted at page 162 of the Court's opinion:
 We noted in Gowdy the danger of making the sexual offender classification hearing perfunctory in nature, which would deny defendant the rights guaranteed him under the statute. Id. at 398, 727 N.E.2d at 589. So, too, would denying an indigent defendant, under these circumstances, the "opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B)(1). In some instances, offenders will have several sexually oriented convictions, or will clearly fit a variety of the factors listed in R.C. 2950.09(B)(2)(a) through (j). An offender who preys on children, for example, may fit the pedophile profile, a class of sex offenders known for their especially high rate of recidivism. There may be sufficient evidence in the transcripts, victim impact statements, pre-sentence investigation reports, prior history of arrests and convictions, age, etc., presented at the sexual offender classification hearing with respect to the R.C. 2950.09(B)(2) factors as they relate to the likelihood of reoffending. In those situations, appointment of an expert for an indigent offender may be unwarranted. But a person who has been convicted of or who has pled guilty to committing one sexually oriented offense is not necessarily likely to engage in the future in one or more sexually oriented offenses, One sexually oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses, particularly if the offender is not a pedophile. Thus, we recognize that one sexually oriented conviction, without more, may not predict future behavior. Therefore, the appointment of an expert may be warranted to aid the trial court in determining the likelihood of recidivism.
(Emphasis ours).
The court found that the trial court had abused its discretion in denying the defendant's request for an expert witness and in essentially adjudicating the defendant a sexual predator on the basis of one factor (nature of the sexual conduct). Justice Stratton further noted in the opinion:
 Instead of deciding whether the offender is particularly deserving of punishment, the issue presented to the court at a sexual offender classification hearing is whether the defendant is likely to commit future sexually oriented offenses. Not only is this determination problematic for the trial court to make, but it is certainly confounding to review on appeal without an adequate record. Accordingly, we believe that trial courts, prosecutors, and defense attorneys should adhere to some basic standards to meet the criteria required in an R.C. 2950.09 hearing. We adopt the following model procedure for sexual offender classification hearings, based on a model set forth by the Cuyahoga County Court of Appeals in State v. Thompson, supra. In a model sexual offender classification hearing, there are essentially three objectives. First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, pre-sentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. If the conviction is old, as in this case, the state may need to introduce a portion of the actual trial record; if the case was recently tried, the same trial court may not need to actually review the record. In either case, a clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.
 Second, an expert may be required, as discussed above, to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. While providing an expert at state expense is within the discretion of the trial court, the lack of other criteria to assist in predicting the future behavior of the offender weighs heavily in favor of granting such a request.
In this case there was no trial transcript, no victim impact statements, no pre-sentence report, no offense reports, or other background material to assist the court in making the predator determination. Although Justice Stratton noted that studies have indicated recidivism among pedophile offenders is higher than crimes against adults, she was unable to gain four votes for that proposition. Justices Douglas and Resnick concurred only in the syllabus and judgment of the court.
In light of the sparse record available to the trial court, we believe the trial court abused its discretion in not granting Adkins' request for a forensic evaluation to determine his status as a predator. The first assignment of error is sustained.
In his second assignment, Adkins' contends his counsel was constitutionally ineffective in failing to more vigorously request expert witness assistance and in failing to subpoena his prison records so that the trial court could make a more informed decision whether he was likely to commit sexual offenses in the future. This assignment has been rendered moot by our resolution of the first assignment of error.
In his third assignment of error, Adkins contends the trial court's finding was legally insufficient and against the manifest weight of the evidence. We disagree.
In State v. Condron (March 27, 1998), Montgomery App. 16430, unreported, we upheld the trial court's determination that the defendant was a sexual predator after his conviction for gross sexual imposition of a three year old. In Condron, the determination took place shortly after Condron was sentenced. The trial court had the benefit of testimony provided in the trial court including the testimony of a forensic psychologist.
In Condron, we noted that the legislature as well as numerous courts have acknowledged the high potential of recidivism among pedophiles. We also noted that the trial court appropriately gave some weight to the defendant's denial of responsibility in determining his classification.
In this case, the defendant engaged in forcible sex with two young victims. The nature of the "force" involved in the crimes however is not clear from this record. See, State v. Eskridge (1988), 38 Ohio St.3d 56
wherein the court held that with the filial obligation of obedience to a parent, the same degree of force may not be required upon a person of tender years.
The statutory factors are not weighted but at least three are implicated in this case. R.C. 2950.(B)(2)(c)(d) and (j). A rational trier of fact could have concluded from the evidence submitted that Adkins is a sexual predator. The evidence is also not against the manifest weight of the evidence using the "clear and convincing" evidence standard. The third assignment is overruled.
In his last assignment, Adkins argues that the trial court erred in limiting itself to the statutory factors set out in R.C. 2950.09(B)(2) in contravention of this court's opinion in State v. White (Nov. 5, 1999) Miami App. 98-CA-37, unreported. We disagree. The trial court specifically stated it considered all relevant factors including, but not limited to, those factors specified in R.C. 2950.09(B)(2). Nothing in this record suggests otherwise. This assignment of error is overruled.
In light of our resolution of the appellant's first assignment, the judgment below is Reversed and Remanded for further proceedings so that Adkins can be evaluated by a forensic psychologist. Adkins may also present evidence of whether he has participated in available programs for sexual offenders in the institution he has been confined since 1991.
 __________ BROGAN, J.
FAIN, J., and YOUNG, J., concur.